Jeanette Terry sued her employer, Lee Apparel Company, Inc., contending that she had been discharged from her employment in retaliation for filing a claim seeking workers' compensation benefits. Lee Apparel moved for a summary judgment and the court set a hearing date. On April 23, 1993, Terry moved to delay the hearing, to allow more time for discovery. That hearing, originally set for May 17, 1993, was continued to June 28, 1993. On June 17, 1993, Terry filed a second request for a continuance, stating that her attorney would be out of town on the scheduled date; the trial court continued the hearing to July 19, 1993. On July 14, 1993, Terry filed a motion seeking to require Lee Apparel to answer interrogatories that it had failed to answer; the trial court set a hearing date for August 16, 1993, on that motion. On July 15, 1993, Terry filed her response in opposition to the pending motion for summary judgment. On August 10, 1993, the trial court entered a summary judgment in favor of Lee Apparel. Terry appeals.
Terry first contends that the trial court erred in entering the summary judgment before discovery had been completed. Specifically, she argues that Lee Apparel objected to, and failed to respond to, interrogatories requesting the names of employees who had been terminated within the last three years after having filed workers' compensation claims, and that that discovery was crucial to her case.
A summary judgment is not barred by the mere pendency of discovery. Hope v. Brannan, 557 So.2d 1208 (Ala. 1989). However, if the trial court, from the evidence, can ascertain that discovery not produced is crucial to the nonmoving party's case, it would be error to rule on the pending motion before discovery was completed. The burden is on the nonmoving party to show that the requested discovery is crucial. Id. Pursuant to Rule 56(f), Ala.R.Civ.P., a nonmoving party may show by affidavit that it cannot present facts necessary to oppose a pending motion for summary judgment. The court then may deny the motion or issue an order to permit discovery.
There is nothing in the record to indicate that the trial court was alerted to a need for crucial discovery to be produced before it ruled on the motion for summary judgment. Terry failed to file a Rule 56(f) affidavit. Her response in opposition to the motion for summary judgment failed to assert that outstanding *Page 813 
discovery was necessary to the issues raised on the summary judgment motion. Terry failed to prove that the discovery she sought was crucial to her case.
Next, Terry contends that the trial court erred in entering the summary judgment in favor of Lee Apparel, arguing that she had presented a prima facie showing that her termination was, in fact, a retaliatory discharge in violation of Ala. Code 1975, § 25-5-11.1.[1]
On September 17, 1992, Terry suffered an on-the-job injury. Following the injury, Terry was examined by her personal physician, as well as by the company doctor. On September 29, 1992, Terry told a company representative that she had a therapy appointment that afternoon and requested permission to leave work early. Terry was later informed that arrangements had been made with the therapist's office to change her appointment time until after her shift had ended that day and that she did not have permission to leave work early. However, Terry did leave work, without authorization, before her shift had ended. When she returned to work on October 2, 1992, she was discharged.
Our Supreme Court has held:
 " '[A]n employee may establish a prima facia case of retaliatory discharge by proving that he was "terminated" because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the employee must prove that the reason [given by the employer] was not true but a pretext for an otherwise impermissible termination.'
 "In the context of a summary judgment motion by the [employer] in a retaliatory discharge action, this Court has said:
 " '[I]f the [employer] has supported a summary judgment motion with evidence of a legitimate reason for terminating the [employee], the [employee] must then refute that showing with his own prima facie case; of course, the [employee] has no burden to produce evidence before trial until the [employer] has made and properly supported a motion for summary judgment. If the [employer's] showing of a legitimate reason is conclusive enough to establish that "there is no genuine question as to [that] material fact and that the moving party is entitled to a judgment as a matter of law," Rule 56(c), Ala.R.Civ.P., the [employee] would also have to produce evidence to refute that showing.' "
Graham v. Shoals Distributing, Inc., 630 So.2d 417, 418 (Ala. 1993) (citations omitted).
Terry contends that she established a prima facie case of retaliatory discharge, because she showed that her employment was terminated after she had filed a claim seeking workers' compensation benefits. However, there was undisputed evidence that Lee Apparel has a policy that an employee who leaves the job without authorization is subject to employment termination. Affidavits of company management personnel and affidavits of union representatives demonstrate that Lee Apparel has consistently adhered to that policy. It was clear that, pursuant to established policy, Terry was discharged when she left her job, without authorization, before her shift ended.
Terry's employment was terminated after she sought workers' compensation benefits; however, there was no evidence to support her claim that she was terminated because she sought those benefits. Lee Apparel met its burden under Rule 56(e), Ala.R.Civ.P., by presenting evidence making a prima facie showing that Terry was terminated for a legitimate reason. Terry did not rebut that showing. Accordingly, the summary judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.
[1] "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter." *Page 814