Christopher Rickard appeals from a summary judgment entered in favor of Shoals Distributing, Inc. Rickard filed a complaint against Shoals on December 31, 1991, alleging that Shoals had terminated his employment because he had filed a workers' compensation claim, and that Shoals had therefore violated Ala. Code 1975, § 25-5-11.1. Rickard alleges that he injured his back while working on March 19, 1990, that he filed a workers' compensation claim, and that he went on medical leave. When he returned to work on May 25, 1990, after his medical leave had expired, he was informed that his employment had been terminated. Rickard then brought this action against Shoals.
We have already considered the appeals of Gary Graham and Dwight Faulkner, two of Rickard's co-workers, who had also been employed as helpers and who were dismissed at approximately the same time as Rickard after they, likewise, returned from medical leave. Graham v. Shoals Distributing, Inc.,630 So.2d 417 (Ala. 1993).
After considering excerpts from the depositions of Rickard, Graham, and Faulkner; their affidavits; and the affidavit of Charles Lockridge, the vice-president of Shoals, the circuit court entered a summary judgment for Shoals in Rickard's action. Rickard appealed. The issue is whether Rickard presented substantial evidence to refute Shoals's proffered legitimate reason for dismissing him. *Page 1380 
A summary judgment is proper only where there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.;Osborn v. Johns, 468 So.2d 103, 108 (Ala. 1985). The movant has the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to a judgment as a matter of law. Swims v. Chapple,624 So.2d 1356, 1357 (Ala. 1993). If the movant makes such a showing, the burden shifts to the non-movant to show by substantial evidence that there exists a genuine issue of material fact. Ala. Code 1975, § 12-21-12; Specialty Container Mfg., Inc. v. RuskenPackaging, Inc., 572 So.2d 403 (Ala. 1990); Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 798 (Ala. 1989). Section12-21-12, Ala. Code 1975, requires proof by "substantial evidence" in order to "submit an issue of fact to the trier of facts."
Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
In determining whether the moving party is entitled to a summary judgment, the trial court must view all of the evidence in the light most favorable to the nonmoving party. Pickard v.Turner, 592 So.2d 1016, 1019 (Ala. 1992).
"Ala. Code 1975, § 25-5-11.1, states:
 "'No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter.'
 "In regard to actions brought under 25-5-11.1, this Court has held:
 "'[A]n employee may establish a prima facie case of retaliatory discharge by proving that he was 'terminated' because he sought to recover workers' compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the employee must prove that the reason [given by the employer] was not true but a pretext for an otherwise impermissible termination.'
 "Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369 (Ala. 1988); see also Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1122 (Ala. 1992).
 "In the context of a summary judgment motion by the defendant in a retaliatory discharge action, this Court has said:
 "'[I]f the defendant has supported a summary judgment motion with evidence of a legitimate reason for terminating the plaintiff, the plaintiff must then refute that showing with his own prima facie case; of course, the plaintiff has no burden to produce evidence before trial until the defendant has made and properly supported a motion for summary judgment. If the defendant's showing of a legitimate reason is conclusive enough to establish that 'there is no genuine question as to [that] material fact and that the moving party is entitled to a judgment as a matter of law,' Rule 56(c), Ala.R.Civ.P., the plaintiff would also have to produce evidence to refute that showing.'
"Culbreth, 599 So.2d at 1122."
Graham, supra, 630 So.2d at 418. See also Overton v. AmerexCorp., 642 So.2d 450 (Ala. 1994).
The first question is whether Shoals presented evidence showing that it discharged Rickard for a legitimate business reason not related to Rickard's filing of a workers' compensation claim. In the Graham opinion, this Court summarized Shoals's explanation, given in Lockridge's affidavit, for its discharge of Graham and Faulkner. A very similar affidavit was filed here. We repeat the summary given in Graham, because it concisely describes the background of the terminations of the three employees:
 "Shoals, a beer distributorship, began plans in November or December 1989 to implement a new distributing plan, called the 'peddle-upgrade system,' in lieu of its prior peddle system. Graham and Faulkner *Page 1381 
[and Rickard] had been employed as helpers under the old peddle system, and their jobs involved riding with the driver of a beer truck and assisting the driver in loading and unloading beer from the truck. The drivers were paid partially on a commission basis and were responsible for selling the beer to the customers. Under the new peddle-upgrade system, the drivers would be assisted by merchandisers, who would travel ahead of the drivers and set up displays and otherwise make room for the beer, so that the drivers would be responsible only for unloading and selling the beer. This new system required fewer helpers, because the drivers would have more time to unload the beer.
 "Lockridge stated in his affidavit that in late January 1990, he held a meeting with the operations managers and supervisors of Shoals to discuss the restructuring of jobs that would be needed to implement the new peddle-upgrade system. The people at that meeting decided that of the seven helpers employed by Shoals, all but three were to be laid off under the new plan. Lockridge said it was important under the new plan that the helpers who remained with Shoals be interested in becoming drivers and be qualified to be drivers, i.e., that they have qualities of salesmanship. At the January meeting, Lockridge stated, it was decided that Graham, Faulkner, and Christopher Rickard would be terminated from employment.[1] At that time, neither Graham, nor Faulkner [or Rickard] was on workers' compensation leave."
Graham, 630 So.2d at 418-19 (footnotes omitted).
Lockridge's affidavit submitted in this case set forth the reasons why Rickard, as well as Graham and Faulkner, were selected at the January 1990 meeting for termination.[2]
 "We agreed, after some discussion [at the January meeting], that three employees, Gary Graham, Christopher Rickard, and Dwight Faulkner, were not capable of eventually being promoted to sales positions and it was determined that they would not remain with the Company upon implementation of peddle upgrade. The reasons that we made this determination were different in the case of each employee.
 "Gary Graham was selected for layoff primarily because of his unwillingness or inability to talk with other people, including his fellow employees and customers of Shoals Distributing. This factor, in addition to his general lack of interest in learning more and being promoted, was the primary reason he was considered unqualified to be eventually [sic] to a sales position.
 "The primary reason for laying off Christopher Rickard was that Mr. Rickard advised Shoals managers that he wanted to pursue a career in electronics, that he did not see himself staying with the Company on a long-term basis, and that his ultimate career goal was not in the beer industry.
 "Employee Dwight Faulkner was considered not to be promotable to a sales position because he indicated to management that he had little or no interest in learning the beer distribution business or in being promoted to any position higher than that of helper. Mr. Faulkner was actually offered a job as a swing driver which would have enabled him to earn more money and have more responsibility, but he refused, indicating that he did not want the additional responsibility of such promotion."
We held in Graham that Lockridge's affidavit set forth legitimate reasons for dismissing both Graham and Faulkner, and that because neither of these plaintiffs responded *Page 1382 
to Lockridge's affidavit, Shoals's legitimate reasons were not disputed as to any material fact. Therefore, we concluded, the summary judgment was due to be affirmed.
In this case, Shoals's proffered reasons for dismissing Rickard appear to be unrelated to his filing of a workers' compensation claim. Those reasons suggest that because of Shoals's implementation of the peddle-upgrade system, and the fact that Rickard had expressed an interest in a career outside the beer industry, Rickard was not selected to be retained as a helper. Thus, Rickard was required to respond to Shoals's motion for summary judgment, both 1) by presenting evidence establishing a prima facie case of retaliatory discharge and 2), because Shoals had made a showing of a legitimate reason that, if unrefuted, would entitle Shoals to a summary judgment, by presenting evidence refuting that reason.
In Graham we stated:
 "In the present cases, each plaintiff presented a prima facie case of retaliatory discharge. In Culbreth, this Court held that a prima facie case of retaliatory discharge was established by an employee's proof that he had filed a workers' compensation claim for a work-related injury, that the injury prevented him from working for a period of time, and that when he returned to work he was informed that he no longer had a job. Culbreth, 599 So.2d at 1122. In these two cases, the employees established that they both filed workers' compensation claims, that their injuries prevented them from working for a period of time, and that upon their return to work they were informed that they no longer had a job."
Graham, 630 So.2d at 418.
Rickard presented a prima facie case by his showing that he filed a workers' compensation claim, that his injuries prevented him from working for a period of time, and that upon his return to work he was informed that he no longer had a job.Overton, 642 So.2d at 453; Graham, 630 So.2d at 418; Culbreth, 599 So.2d at 1122.
Rickard was also required to refute Shoals's showing of a legitimate business reason. This case is different fromGraham, because in this case Rickard responded to the summary judgment motion with both a brief and his affidavit, as well as affidavits from Graham and Faulkner. The bare fact that the only three helpers who filed workers' compensation claims were the ones selected for termination is not enough evidence to rebut Shoals's proffered business reasons for their termination. See Graham. However, when this fact is considered with the facts set forth in Rickard's affidavit, one finds substantial evidence creating a genuine issue of material fact, namely, whether Shoals's proffered reason was actually a sham. Rickard stated in his affidavit that sometime in 1989 Shoals offered him a promotion to the position of swing driver. He stated that he intended to move into that position as soon as it became available, which he was told would be in April 1990. He also stated that in December 1989 he received an award as "route assistant of the year." He stated that when he returned to work after his medical leave in late May, he fully expected to become a swing driver. However, he was instead discharged. From this evidence one could find that Shoals was not dissatisfied with Rickard's work in any way, and had, in fact, selected him for promotion to a swing driver's position, and that he would have received that promotion had he not filed his workers' compensation claim. Thus, Rickard's affidavit, considered in conjunction with the fact that only those three helpers who filed workers' compensation claims were dismissed, presents substantial evidence creating a genuine issue of material fact.
The circuit court refused to consider most, if not all, of Rickard's affidavit, because it granted Shoals's motion to strike certain portions on the ground that they directly contradicted answers given by Rickard to unambiguous questions asked during his prior deposition. This Court has held:
 "When a party to an action has, in response to unambiguous questions, given clear answers that negate the existence of any genuine issue of fact, that party cannot later create an issue of fact by submitting an affidavit that directly contradicts, without explanation, that earlier testimony." *Page 1383 
Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc.,611 So.2d 238, 245 (Ala. 1992); see Tittle v. Alabama Power Co.,570 So.2d 601, 606 (Ala. 1990); Robinson v. Hank Roberts, Inc.,514 So.2d 958, 961 (Ala. 1987). However, a comparison of Rickard's deposition testimony and the statements in his affidavit reveals no contradictions. Rickard gave the following testimony in his deposition:
 "Q. [Shoals's attorney] I mean, there's no doubt that you had an interest in electronics?
"A. [Rickard] Yes, sir, at the time I did.
"Q. And you still have some interest in it?
"A. Yes, sir, but not as —
 "Q. So that doesn't surprise you that Mr. Mitchell might say there was a conversation about that?
"A. No, sir.
 "Q. Now, did you indicate to Mr. Mitchell in a conversation like that that you really — that's what you really wanted to do, was to pursue a career in electronics and you did not see yourself staying on a long-term basis with Shoals?
"A. Yes, sir. I sure did.
 "Q. And did you say that you were interested in working at TVA and having a career with them in electronics?
"A. Yes, sir, at the time.
 "Q. So you remember saying that with Mr. Mitchell; right?
 "A. Well, I remember talking about it. I mean, yeah, I don't know if it was just specifically to Mr. Mitchell or not, but me and my —
 "Q. But that was your desire at that time and you discussed it with people?
"A. Yes, sir.
 "Q. And you said, in fact, that that was your ultimate career goal rather than in the beer industry; right?
"A. Yes, sir."
Shoals provided no indication of when this conversation with Mr. Mitchell took place. Shoals also provided no proof of who Mr. Mitchell was, although we assume he was a management employee at Shoals. We do not see the type of "simple, direct contradiction regarding a material question of fact that has been held to preclude a party from defeating summary judgment solely by his own affidavit," Tittle, 570 So.2d at 606 (emphasis omitted), between the affidavit and the earlier deposition testimony of Rickard. We see no contradiction between Rickard's statement to one management-level employee that he had an interest in one day pursuing a career in electronics and his assertion in his affidavit that Shoals offered him a promotion to the job of a swing driver. Thus, the circuit court erred in excluding portions of Rickard's affidavit because of the alleged contradictions.
The circuit court also struck portions of Rickard's affidavit apparently because it found that they were not based on Rickard's personal knowledge or did not set forth "specific facts showing that there is a genuine issue for trial," as required by Rule 56(e), A.R.Civ.P. Shoals's argument that Rickard lacked personal knowledge to make statements in his affidavit is limited to its criticism of Rickard's statement that as far as he knew, he, Graham, and Faulkner had all three filed workers' compensation claims and had later been dismissed. Even assuming that Rickard lacked personal knowledge of the facts concerning Graham and Faulkner, the fact that Graham and Faulkner were dismissed after filing workers' compensation claims does not appear to be disputed. See Graham, 630 So.2d at 418. Thus, these statements in Rickard's affidavit are uncontested.
Apparently, Shoals is arguing that Rickard's factual allegations were not specific enough, rather than that Rickard's assertions would be inadmissible at trial. We have already indicated, however, that the facts alleged were specific enough to create a genuine issue of material fact. Although Shoals finds fault with Rickard's statement that "sometime in 1989" he was offered a promotion to swing driver, an exact date was not necessary, because it is clear that if the promotion was offered to Rickard then it was offered before he went on medical leave. Because Rickard's affidavit satisfied the requirements of Rule 56(e), the circuit court *Page 1384 
erred in striking certain portions on the basis that they did not meet those requirements.
Rickard offered substantial evidence creating a disputed issue of material fact as to whether the reasons offered by Shoals for his termination were a pretext for an impermissible termination. The judgment is therefore reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and STEAGALL, INGRAM and COOK, JJ., concur.
[1] As we noted in Graham, 630 So.2d at 419, n. 3, although Lockridge's affidavit stated that Shoals was going to dismiss four helpers, the record and the parties' briefs do not tell us whether a fourth helper was actually dismissed.
[2] Rickard has argued on appeal that Lockridge's affidavit contains inadmissible hearsay and should not be considered. However, the affidavit states that it is based on Lockridge's personal knowledge, in accordance with A.R.Civ.P. 56(e). Furthermore, Rickard did not make such an objection in the trial court, so the objection is now waived and cannot be raised on appeal. See Cain v. Sheraton Perimeter Park SouthHotel, 592 So.2d 218, 222 (Ala. 1991).