In September 1993, Yvette Susanne Allen (the "worker") filed a two-count complaint, alleging that on or about April 5, 1993, she had suffered an injury while acting in the line and scope of her employment with Albrecht Enterprises, Inc., d/b/a A-1 Print Copy Center (the "company"). The complaint named Vickie Albrecht, individually, as a defendant. The first count requested workers' compensation benefits. The second count alleged a retaliatory discharge, contending that the company had terminated her employment because she had made a claim for workers' compensation benefits. See Ala. Code 1975, § 25-5-11.1.
The company and Albrecht filed a motion for summary judgment, with a supporting affidavit of the office manager, Bonnie Varner, the deposition of Albrecht, and a memorandum of law. The worker filed a memorandum of law in opposition to the motion for summary judgment, which referenced the worker's deposition. The trial court entered an order granting Albrecht and the company's motion for summary judgment as to the retaliatory discharge claim. The trial court denied the motion as to the workers' compensation claim. The trial court made its summary judgment on the retaliatory discharge claim final, pursuant to Rule 54(b), Ala.R.Civ.P. The worker appealed from that summary judgment, but only as it related to the company. This case is before this court pursuant to Ala. Code 1975, §12-2-7(6).
The worker contends that the trial court erred in entering the summary judgment because, she states, a genuine issue of material fact existed and the company, therefore, was not entitled to judgment as a matter of law. See Rule 56(c), Ala.R.Civ.P. A party moving for a summary judgment has the burden of establishing that there exists no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Capital Alliance Insurance Co. v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994). Further, our Supreme Court has opined:
 "In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable *Page 427 
inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present 'substantial evidence' creating a genuine issue of material fact — 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
Id. (citations omitted).
An Alabama employment contract is terminable at will by either party, with cause or without cause, and for even no reason or a bad reason. Hoffman-La Roche, Inc. v. Campbell,512 So.2d 725 (Ala. 1987). The Alabama Legislature carved an exception to the employee-at-will rule in the case of a dismissal based only on the fact that the employee has filed a workers' compensation claim. Culbreth v. Woodham Plumbing Co.,599 So.2d 1120 (Ala. 1992). Section 25-5-11.1, Ala. Code 1975, states:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11."
(Emphasis added.)
Our Supreme Court has interpreted this statute to indicate that an employee establishes a prima facie case of retaliatory discharge by presenting substantial evidence that he or she was terminated for seeking to obtain workers' compensation benefits. Twilley v. Daubert Coated Prods., Inc.,536 So.2d 1364, 1369 (Ala. 1988). In several subsequent cases, the court elaborated on this statement and found that an employee could establish a prima facie case of retaliatory discharge by proving that she filed a workers' compensation claim for a work-related injury, that the injury prevented her from working for a period of time, and that when she returned to work she was informed that she no longer had a job. See e.g., Rickard v.Shoals Distributing Inc., 645 So.2d 1378, 1382 (Ala. 1994);Overton v. Amerex Corp., 642 So.2d 450, 453 (Ala. 1994); Grahamv. Shoals Distributing, Inc., 630 So.2d 417, 418 (Ala. 1993);Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1122
(Ala. 1992).
The facts in the above-referenced cases supported the statements enunciated in those opinions that an employee proves a prima facie case of retaliatory discharge by showing she filed a claim for a work-related injury, she was prevented from working for a period of time, and when she returned to work, she was terminated. Those facts are not present in this case. The presumed and ordinary time frame for retaliatory discharge cases (worker suffers on-the-job injury, files a claim, and is then terminated) is not evident here. The worker presents no evidence showing that she either instituted or maintained a claim for workers' compensation benefits and was terminated because she filed such a claim. Accordingly, we find that logic dictates that the worker failed to establish a prima facie case of retaliatory discharge.
The worker states in her deposition that she has no evidence to prove her claim that she was fired because she filed a workers' compensation claim. She failed to submit to the court any evidence of a filed workers' compensation claim. She further admits that she was terminated the day before she filed her workers' compensation claim. This admission negates a claim for retaliatory discharge. The fact that the company terminated the worker before she filed her claim for workers' compensation benefits does not comport with the necessary requirement for establishing a retaliatory discharge claim; that is, the worker filed a workers' compensation claim and because she sought workers' compensation benefits, was dismissed from her employment. The worker simply has no evidence to support her mere allegation of a retaliatory discharge claim. Cf. Terry v.Lee Apparel Co., Inc., 656 So.2d 811, 813 (Ala.Civ.App. 1994) (although employee was terminated after she sought workers' compensation benefits, summary judgment was proper since there was no evidence to support the employee's claim that she was terminated because she sought [workers' compensation] benefits). See also *Page 428 Hayden v. Bruno's Inc., 588 So.2d 874, 876 (Ala. 1991) ("Hayden presented no evidence that Bruno's terminated him because he had filed a work[er]'s compensation claim, unless we assume
that, because he was terminated after he had filed that claim, the termination was retaliatory. We refuse to so assume.").
The trial court properly entered the summary judgment. The worker admits that she has no evidence to support her claim of retaliatory discharge. Accordingly, the trial court's judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.