Melanie Etheredge sued her former employer, Dorsey Trailers, Inc. ("Dorsey"), for workers' compensation benefits and alleged a claim of retaliatory discharge, alleging that Dorsey had terminated her employment because she had filed a claim for workers' compensation benefits. She also sued Marty Flowers, her line supervisor at Dorsey; Jimmy Hudson, the general supervisor of Etheredge's shift; Buddy Hall, who worked in personnel and human resources at Dorsey; and Doug Allgood, the former general manager at Dorsey, claiming that they and Dorsey had failed to provide her with a safe place to work. According to the case action summary sheet, Allgood was dismissed as a defendant and, although Etheredge's notice of appeal named him as an appellee, Etheredge and the other defendants agree that he is not a party to this appeal.[1]
After conducting a hearing, and after considering the briefs and evidence submitted by the parties, the trial court entered a summary judgment in favor of the defendants on the claims alleging a retaliatory discharge and a failure to provide a safe work place. Because a separate claim seeking workers' compensation benefits is still pending, the trial court certified the summary judgment as final, pursuant to Rule 54(b), Ala.R.Civ.P. Etheredge appealed the judgment to the Alabama Supreme Court, which deflected the case to this court pursuant to §12-2-7(6), Ala. Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala. 1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party's favor. Id.
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975. See Bass v. SouthTrust Bankof Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). To defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such *Page 844 
weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
Etheredge argues that the trial court erred in entering the summary judgment in favor of Dorsey because, she says, she submitted substantial evidence tending to show that she was terminated from her job because she filed for workers' compensation benefits. It is well settled in Alabama that an employment contract is generally terminable at will by either party, with or without cause or justification — for a good reason, a wrong reason, or no reason at all. Hoffman-La Roche,Inc. v. Campbell, 512 So.2d 725 (Ala. 1987). However, the legislature has carved out a narrow exception in the case of an employee whose employment is terminated as a result of the employee's filing a workers' compensation claim. Section25-5-11.1, Ala. Code 1975, provides:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of § 25-5-11."
In Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364
(Ala. 1988), our Supreme Court interpreted the statute as it deals with terminating employment for filing workers' compensation claims:
 "We hold that an employee may establish a prima facie case of retaliatory discharge by proving that he was `terminated' because he sought to recover workers' compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the employee must prove that the reason given by the employer was not true but a pretext for an otherwise impermissible termination."
Twilley, 536 So.2d at 1369.
In Culbreth v. Woodham Plumbing Co., 599 So.2d 1120,1122 (Ala. 1992), the Supreme Court elaborated on its holding inTwilley, stating:
 "We note that it would be more appropriate to say that, after the defendant has met his burden of coming forward with evidence of a legitimate reason,' "the plaintiff then has the burden of going forward with rebuttal evidence showing that the defendant's [stated] reasons "`for terminating the plaintiff are not true. Twilley, 536 So.2d at 1369, quoting Pushkin v. Regents of the University of Colorado, 658 F.2d 1372, 1387 (10th Cir. 1981). The plaintiff does not have to `prove' that the employer's stated reason is not true unless the defendant's evidence is sufficiently certain, without more evidence from the plaintiff, to support a directed verdict. If the plaintiff's prima facie case is strong, and the defendant's evidence of an asserted reason is weak or equivocal, the jury might simply disbelieve the defendant."
Subsequent cases have held that an employee establishes a prima facie case in a retaliatory-discharge case by proving that the employee filed a workers' compensation claim for a work-related injury, that the injury prevented the employee from working for a period of time, and that upon returning to work, the employee was informed that he or she no longer had a job. See Allen v.Albrecht Enterprises, Inc., 675 So.2d 425 (Ala.Civ.App. 1995);Rickard v. Shoals Distributing, Inc., 645 So.2d 1378 (Ala. 1994);Overton v. Amerex Corp., 642 So.2d 450 (Ala. 1994); and Grahamv. Shoals Distributing, Inc., 630 So.2d 417 (Ala. 1993).
We must view the record in a light most favorable to Etheredge. Viewed in that light, the evidence suggests the following facts. Etheredge first went to work for Dorsey on November 28, 1994; however, she worked only three days, because the *Page 845 
results of her pre-employment drug screening test were positive. Two weeks later, Etheredge again applied with Dorsey. This time she was accepted and was placed on 90-day probationary work, which was required before she could become a permanent employee.
On Wednesday, March 1, 1995, Etheredge was injured in a work-related accident. She returned to work the next day, but, she said, she went home after Flowers and Hall told her she could not work while on crutches. Etheredge said that on the second day after her injury she worked without her crutches. On Monday, March 6, 1995, her 88th day of probationary employment, Etheredge's employment was terminated; Etheredge said she was told that she was terminated because "she wasn't what Dorsey Trailers was looking for."
Etheredge said that she had a 30-day and a 60-day evaluation during her probationary period. In her deposition, she testified that both evaluations were good, that her attendance was perfect in the 30-day evaluation, and that in the 60-day evaluation, she was recommended for hire.
Etheredge made a prima facie case of retaliatory discharge by submitting evidence tending to show that her employment was terminated after she filed a workers' compensation claim for a work-related injury. Dorsey contends that Etheredge's employment was terminated because she failed to complete the probationary period. It also says that its decision to terminate Etheredge's employment on the basis that she was not deemed to be the kind of employee it wanted was a legitimate business reason.
However, Etheredge presented evidence tending to show that her two evaluations made before her employment was terminated had been good ones, and that her 60-day evaluation had even recommended that she be hired. We note that Etheredge does not have to "prove" that the employer's stated reason is not true, unless the defendant's evidence is sufficiently certain to overcome a motion by the plaintiff for a judgment as a matter of law. Culbreth, 599 So.2d at 1122. Etheredge presented substantial evidence tending to cast doubt on Dorsey's stated reason for firing her, thereby creating a question of material fact.
In its judgment, the trial court found that Etheredge was terminated because she had failed to become a permanent employee, and it held that that was a legitimate reason for her termination. However, if an employee fails to finish her probationary period because her employer terminates her, then it is illogical to assume that she was fired for failing to finish her probationary period. Whether that reason is legitimate, or is in fact pretextual, is a question to be answered by the jury. Therefore, the judgment in favor of Dorsey on Etheredge's retaliatory-discharge claim is reversed.
Etheredge also contends that the trial court erred in entering a summary judgment in favor of the defendants on her claim alleging a failure to provide a safe workplace. Specifically, she claims there were three aspects in her work area that made working conditions unsafe: (1) the I-beam which she says caused or contributed to her injury; (2) a lack of safety chains; she says this lack of safety chains could have allowed her to fall from a catwalk; and (3) electrical shocks she sustained while working.
Section 25-1-1(a), Ala. Code 1975, provides in pertinent part:
 "(a) Every employer shall furnish employment which shall be reasonably safe for the employees engaged therein and shall furnish and use safety devices and safeguards and shall adopt and use methods and processes reasonably adequate to render such employment and the places where the employment is performed reasonably safe for his employees and others who are not trespassers, and he shall do everything reasonably necessary to protect the life, health and safety of his employees and others who are not trespassers." *Page 846 
Despite the defendants' contention to the contrary, the exclusivity provisions of the Workers' Compensation Act do not preclude a cause of action under § 25-1-1, Ala. Code 1975, for failure to provide a safe workplace. Powell v. United StatesFidelity Guaranty Co., 646 So.2d 637, 639 (Ala. 1994). "However, the exclusivity provisions have limited this cause of action under § 25-1-1 to only those instances where the breach of this duty is willful or intentional." Id.
The defendants argued in their motion for a summary judgment, and they argue again on appeal, that Etheredge failed to show that they altered any work area or removed a safety guard or safety device, as required for a cause of action under §25-5-11.1, Ala. Code 1975. However, Etheredge's claim is not based on a claim that the defendants removed a safety device; rather, she claims that the defendants failed to provide her with a safe place to work.
The burden is on the moving party to show that there is no material fact in dispute. Crowne Investments, Inc. v. Bryant,638 So.2d 873 (Ala. 1994). Because the defendants' motion for a summary judgment did not even deal with the claim that Etheredge alleged in her complaint, they failed to show that they were entitled to a judgment as a matter of law as to the claim alleged. Therefore, the summary judgment was improperly entered for the defendants on Etheredge's claim that they had failed to provide her a safe workplace.
For the reasons stated above, the judgment is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
Yates and Crawley, JJ., concur.
Robertson, P.J., and Thompson, J., concur in the result.
[1] We have, accordingly, ommitted Allgood's name from the style of this case.