I concur in the judgment of reversal. I also concur in Part I, which holds that the trial court fulfilled the requirements of Rule 54(b), Ala.R.Civ.P., and made the summary judgment in favor of Dr. Teng final. I also concur in Part III, which holds that the evidence creates genuine issues of material fact as to whether Dr. Teng's actions relating to Starsha created a physician-patient relationship between Dr. Teng and Starsha in the emergency room and as to whether Dr. Teng breached the applicable standard of care by failing to admit Starsha into the hospital for further observation and treatment. However, I dissent from Part II, which holds that the trial court erred in striking Ms. Wilson's affidavit.
This Court has held that "`[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" Scoggin v. Listerhill Employees Credit Union,658 So.2d 376, 380 (Ala. 1995) (quoting Van T. Junkins Assocs., Inc.v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984)). In this case, Ms. Wilson's deposition testimony, as quoted in the trial court's order and in the parties' briefs to this Court, contained clear responses to unambiguous questions. During Ms. Wilson's deposition, counsel asked her several questions concerning the material question of Dr. Teng's involvement in Starsha's care on the morning on which Dr. Teng saw Starsha in the emergency room. Specifically, counsel asked her when she contacted Dr. Teng's office, whether she spoke with Dr. Teng's nurse or operator, and how long Dr. Teng was in the emergency room. Ms. Wilson, in turn, provided gave clear answers to these straightforward questions. However, in her affidavit, Ms. Wilson directly contradicted her prior sworn testimony, without providing any explanation for those inconsistencies. Those inconsistencies are the sort of "`simple, direct contradiction regarding a material question of fact that has been held to preclude a party from defeating [a summary-judgment motion] solely by his own affidavit.'" Rickard v. Shoals Distrib., Inc., 645 So.2d 1378, 1383
(Ala. 1994) (quoting Tittle v. Alabama Power Co., 570 So.2d 601, 606
(Ala. 1990)).
The main opinion states that the trial court should have struck only those portions of Ms. Wilson's affidavit that were inconsistent with her deposition testimony, while considering the remaining portions of the affidavit. However, this Court has upheld the striking of an entire affidavit even when only portions of that affidavit appeared to contradict prior sworn testimony. See Scoggin v. Listerhill EmployeesCredit Union, supra, 658 So.2d at 379; Lady Corinne Trawlers v. ZurichIns. Co., 507 So.2d 915, 917 (Ala. 1987). Given this precedent and given the fact that the main opinion does not cite any authority for its proposition that the trial court should have considered those portions of Ms. Wilson's affidavit that were apparently consistent with her deposition testimony, I would hold that the trial court correctly struck Ms. Wilson's affidavit in its entirety. However, even without that affidavit, the evidence created genuine issues of material fact; therefore, I concur in the judgment *Page 501 
reversing the trial court's summary judgment.