Ivy Culbreth appeals from a summary judgment entered in favor of Woodham Plumbing Company, Inc., on his claim that he was wrongfully terminated from his employment. Culbreth argues that his termination was a retaliatory discharge in response to his filing of a claim for worker's compensation benefits after he was injured on the job.
Culbreth was hired as a laborer by Woodham Plumbing, a plumbing contractor, on August 21, 1989. On or about October 20, 1989, Culbreth was injured on the job when a floor drill hit him in the knee. He filed a claim for, and received, worker's compensation benefits.
Culbreth visited a doctor on October 24, 1989, but continued to work until November 1, 1989. Culbreth was told by his doctor to cease work completely from November 2, 1989, to November 14, 1989. On November 14, 1989, Culbreth returned to work with a doctor's slip stating he could resume work that day; however, when he returned to his job, the president of Woodham Plumbing, John Woodham, told Culbreth that the company no longer had a job for him.
A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. In reviewing a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant.Fincher v. Robinson Brothers Lincoln-Mercury, Inc.,583 So.2d 256 (Ala. 1991). The applicable standard of review is the "substantial evidence" rule, § 12-21-12, Ala. Code 1975.
 "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved."
West v. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989).
Under Alabama law, an employment contract is generally terminable at will by either party, with or without cause or justification — for a good reason, a wrong reason, or no reason at all. Hoffman-La Roche, Inc. v. Campbell,512 So.2d 725 (Ala. 1987). However, with regard to dismissals based on the filing of worker's compensation claims, the legislature has carved out an exception to this general rule. See § 25-5-11.1, Ala. Code 1975, and McClain v. Birmingham Coca-Cola BottlingCo., 578 So.2d 1299 (Ala. 1991).
Section 25-5-11.1 provides: *Page 1122 
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of section 25-5-11."
In Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364
(Ala. 1988), this Court interpreted this retaliatory discharge statute as it regards the prohibition against discharging an employee "solely" because the employee has made a worker's compensation claim. The Court stated the following test:
 "We hold that an employee may establish a prima facie case of retaliatory discharge by proving that he was 'terminated' because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the employee must prove that the reason given by the employer was not true but a pretext for an otherwise impermissible termination."
Twilley, 536 So.2d at 1369. We note that it would be more appropriate to say that, after the defendant has met his burden of coming forward with evidence of a legitimate reason, " '[t]he plaintiff then has the burden of going forward with rebuttal evidence showing that the defendant's [stated] reasons' " for terminating the plaintiff are not true. Twilley,536 So.2d at 1369, quoting Pushkin v. Regents of the Universityof Colorado, 658 F.2d 1372, 1387 (10th Cir. 1981). The plaintiff does not have to "prove" that the employer's stated reason is not true unless the defendant's evidence is sufficiently certain, without more evidence from the plaintiff, to support a directed verdict. If the plaintiff's prima facie
case is strong, and the defendant's evidence of an asserted reason is weak or equivocal, the jury might simply disbelieve the defendant.
Similarly, in the context of summary judgment, if the defendant has supported a summary judgment motion with evidence of a legitimate reason for terminating the plaintiff, the plaintiff must then refute that showing with his own primafacie case; of course, the plaintiff has no burden to produce evidence before trial until the defendant has made and properly supported a motion for summary judgment. If the defendant's showing of a legitimate reason is conclusive enough to establish that "there is no genuine question as to [that] material fact and that the moving party is entitled to a judgment as a matter of law," Rule 56(c), Ala.R.Civ.P., the plaintiff would also have to produce evidence to refute that showing.
After viewing the evidence in a light most favorable to Culbreth, we conclude that Culbreth's affidavit established a prima facie case of retaliatory discharge. He filed a worker's compensation claim for a work-related injury; the injury prevented him from working from November 2, 1989, to November 15, 1989; he subsequently returned to work; and upon his return he was informed that he no longer had a job.
Woodham Plumbing's asserted legitimate reason for terminating Culbreth's employment was that Culbreth's position had been filled and that there was not enough work to continue his employment. John Woodham gave an affidavit in which he stated that there was no longer a job for Culbreth when he returned for work, because in his absence, Woodham said, Woodham Plumbing had hired someone to take his place. Culbreth gave an affidavit in response:
 "I returned to work on November 14, 1989. I carried the doctor's slip to John Woodham and reported back to work. He said he would have to wait for James Wade to get there. When Mr. Wade got there they went into a private office without me and stayed ten or fifteen minutes. When he returned he told me I did not have a job, that he did not have any work for me and that he had hired three men to replace me and do my job while I was out." *Page 1123 
Woodham Plumbing's answers to interrogatories showed the following:
 "On October 20, 1989 there were twenty-nine (29) employees including Mr. Culbreth. . .. On November 14, 1989 there were thirty-three (33) employees. We hired one laborer to replace Mr. Culbreth who started work on November 9, 1989. One other laborer was hired before Mr. Culbreth brought his return-to-work slip and he started work on November 14, 1989. In addition, a part-time plumber was hired also before Mr. Culbreth brought his return-to-work slip. In addition, we hired a laborer for another job and on October 26, 1989 he started to work. Also, we hired a plumber and he started October 30, 1989. Mr. Culbreth got hurt on October 20, 1989 and came back with a return-to-work slip on November 14, 1989."
Alabama's worker's compensation laws should be liberally construed in favor of the employee in order to advance and effectuate their beneficent purposes. Hilyard Drilling Co. v.Janes, 462 So.2d 942 (Ala.Civ.App. 1985). If we were to say that, as a matter of law, the reason given by Woodham Plumbing is a conclusively legitimate reason, the beneficent purposes of § 12-5-11.1 would be significantly undermined. An employer could almost always say either "we hired someone to take your place," or "we no longer have enough business to continue your employment." Thus, we think a jury question is presented as to whether Woodham Plumbing's asserted reason is a legitimate one or only a pretext.
Furthermore, John Woodham's failure to immediately give this reason to Culbreth, together with the "ten or fifteen minute" private conference with James Wade, whose position with Woodham Plumbing is not disclosed in the record, is sufficient circumstantial evidence from which a jury might be allowed to infer that Woodham Plumbing fabricated the asserted reason. Also, the laborer who began work on November 14 was presumably an employee at will, and, if so, his employment could have been terminated as easily as that of Culbreth, who had been with the company longer.
Of course, if Culbreth and the other laborers employed by Woodham Plumbing were only casual laborers whose employment fluctuated as Woodham Plumbing's work increased or decreased, the jury could find that Woodham Plumbing's asserted reason was legitimate. That inference is not so inescapable as to support a summary judgment, however.
Therefore, because Woodham Plumbing's evidence regarding its reason for terminating Culbreth's employment was not so conclusive as to preclude a jury question and because Culbreth's evidence in rebuttal was sufficient to call Woodham Plumbing's reason into question, the court should not have entered the summary judgment. Accordingly, we reverse the summary judgment and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.