Sharlie Overton appeals from a summary judgment entered in favor of Amerex Corporation and Sam Webster on her claim of retaliatory discharge. We reverse and remand.
Overton was employed by Amerex in its production department. When her arm was injured in the course of her employment, Overton was seen by an Amerex-approved physician, Dr. Edward Kissel. Dr. Kissel placed her on leave for the week of August 23 through August 30, 1990. Overton contends that her arm began to hurt one night during the week that she was off and that, as a result, she went to an emergency room. The emergency room physician examined her arm and referred her to Dr. Samuel Goldstein, who was not an Amerex-approved physician. Following his examination, Dr. Goldstein recommended that Overton not return to work until he had had the opportunity to reevaluate her injury on August 31, 1990.
According to Overton, she went to Amerex and spoke with her supervisor, Sam Webster, on August 30 to inform him that she would not be reporting for work on August 31. Webster concedes that Overton informed him at that time that she was dissatisfied with Dr. Kissel's diagnosis. Webster stated in his affidavit that, pursuant to § 25-5-77(a), Ala. Code 1975, he then tried to contact Amerex's workers' compensation insurer in order to obtain the names of four physicians from whom Overton could choose one physician to make an appointment with. Webster contends that he was unable to obtain the list immediately and that he stopped by the plaintiff's home on the evening of August 30 to inform her that she would need to return to Dr. Kissel to obtain an "off-work slip" or would need to call in or show up for work the following day.
Overton did not show up to work on August 31, and, according to Webster, she was assigned 2 points for failing to notify Amerex within two hours after the start of her shift that she would not be coming in to work. (Amerex operates on a point system whereby an employee who obtains over 7.5 points within a 6-month period is automatically terminated. The leave policy of Amerex provides that an employee who is off from work because of an on-the-job injury will not be assigned points for an unexcused absence.) Before her injury, Overton had accumulated 5.5 points. On September 4, Overton again did not show up for work and was again assigned 2 points for failure to notify her employer.
Overton sued Webster and Amerex, alleging a "retaliatory discharge." She alleged that she had been dismissed because she had filed a claim for worker's compensation benefits following her injury. Amerex contends that the sole reason it discharged Overton was that as of September 4 she had accumulated 7.5 points within six months. Overton argues that she did notify Webster that she would not be coming to work on August 31 because she had an appointment on that date with Dr. Goldstein for a reevaluation of her injury. Dr. Goldstein had provided Overton with an off-work slip, which she contends was ample notification that she would not be coming to work. In addition, she claims that, based on her conversation with Webster, she *Page 452 
understood that she had two options — either report to work on the 30th or go back to see Dr. Kissel; otherwise, she says she understood, she would be fired.
 "A summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as matter of law. Rule 56(c), Ala.R.Civ.P. Once the moving party makes such a prima facie showing, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Ala.R.Civ.P. 56(e); Ala. Code 1975, § 12-21-12; Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala. 1990).
"Ala. Code 1975, § 25-5-11.1, states:
 " 'No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter.'
 "In regard to actions brought under § 25-5-11.1, this Court has held:
 " '[A]n employee may establish a prima facie case of retaliatory discharge by proving that he was "terminated" because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the employee must prove that the reason [given by the employer] was not true but a pretext for an otherwise impermissible termination.'
 "Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369 (Ala. 1988); see also Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1122
(Ala. 1992).
 "In the context of a summary judgment motion by the defendant in a retaliatory discharge action, this Court has said:
 " '[I]f the defendant has supported a summary judgment motion with evidence of a legitimate reason for terminating the plaintiff, the plaintiff must then refute that showing with his own prima facie case; of course, the plaintiff has no burden to produce evidence before trial until the defendant has made and properly supported a motion for summary judgment. If the defendant's showing of a legitimate reason is conclusive enough to establish that "there is no genuine question as to [that] material fact and that the moving party is entitled to a judgment as a matter of law," Rule 56(c), Ala.R.Civ.P., the plaintiff would also have to produce evidence to refute that showing.'
Culbreth, 599 So.2d at 1122."
Graham v. Shoals Distributing, Inc., 630 So.2d 417, 418
(Ala. 1993). In Graham, we also stated:
 "In the present cases, each plaintiff presented a prima facie case of retaliatory discharge. In Culbreth, this Court held that a prima facie case of retaliatory discharge was established by an employee's proof that he had filed a workers' compensation claim for a work-related injury, that the injury prevented him from working for a period of time, and that when he returned to work he was informed that he no longer had a job. Culbreth, 599 So.2d at 1122. In these two cases, the employees established that they both filed workers' compensation claims, that their injuries prevented them from working for a period of time, and that upon their return to work they were informed that they no longer had a job."
630 So.2d at 418.
 "To withstand a motion for summary judgment, a plaintiff claiming retaliatory discharge under § 25-5-11.1 must present substantial evidence that he or she was terminated for seeking worker's compensation benefits, and that the reasons proffered by the employer for the termination are not true, but are a pretext for an otherwise impermissible termination. Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369
(Ala. 1988).
Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 317
(Ala. 1992).
Overton presented evidence that, if believed, would make aprima facie case of retaliatory discharge. In turn, Amerex offered *Page 453 
evidence tending to show that her discharge was the result of an accumulation of more than 7.5 points, which, pursuant to company policy, resulted in automatic discharge. This shifted the burden to Overton, who contends that her conversation with Webster did constitute adequate notice that she would not be at work on August 31. Overton further asserts that she gave Webster Dr. Goldstein's off work slip keeping her off work until after her next appointment with him on August 31, 1990. Overton claims she should not have been charged with an unexcused absence on August 31, 1990, and therefore should not have had in excess of 7.5 points when she was absent on September 4. She further claims that Webster told her she would be fired if she did not either return to Dr. Kissel or return to work on August 31.
Although Overton concedes that receiving medical treatment from a physician not authorized by her employer to treat her does not bind her employer to pay for the treatment, she asserts that she was entitled to an excused absence on August 31 for medical treatment of the work-related injury.
We conclude that Overton offered substantial evidence creating a genuine issue of material fact as to whether the reasons offered by Amerex for her termination were a pretext for an impermissible termination. The judgment is therefore reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES and KENNEDY, JJ., concur.
HOUSTON, J., dissents with opinion.
STEAGALL, J., dissents without opinion.