This is a retaliatory discharge case filed by Deryl Provo, a worker covered by the workers' compensation law. See, §25-5-11.1, *Page 882 
Ala. Code 1975. The trial court entered a summary judgment in favor of the defendant, Continental Eagle Corporation ("CEC") and John Fiddler, CEC's personnel director. Provo appeals. We reverse and remand.
Although several of the facts of this case are contested by the parties, the following facts are undisputed. CEC is a cotton gin manufacturer located in Prattville, Alabama. CEC employed Provo as a machinist. On July 19, 1989, Provo received an on-the-job injury to his hand. Consequently, Provo filed a workers' compensation claim against CEC. The trial court entered a judgment awarding Provo $15,334 in workers' compensation benefits; it later amended its judgment to award $18,700.
Provo was on medical leave for the next seven months, and during that period he received workers' compensation benefits from CEC's insurance company. On February 20, 1990, the workers' compensation physician, Dr. Freeman, released Provo to return to work, but restricted him to "no work with cutting, grinding machinery or drilling machinery." On that same day, CEC's workers' compensation insurance company informed Provo that CEC had a light-duty job for him and that he needed to report to work.
Other facts are contested. CEC and Fiddler contend that CEC's personnel office, on February 20, 1990, instructed Provo to report immediately to the plant physician, Dr. Wybenga. They claim that Provo refused an examination by Dr. Wybenga. CEC's policy requires that before an employee may return to work following an on-the-job injury, CEC's plant physician must first examine the employee. Provo admitted that he was aware of this policy, but testified that he first desired an examination by his own family doctor. Provo left CEC's personnel office and returned home. Later that day, Ms. York, a personnel employee of CEC, telephoned Provo at home and advised him to report to the personnel office the next morning to see Fiddler.
On the morning of February 21, 1990, Fiddler terminated Provo's employment; he claimed that he did so because of Provo's failure to submit to an examination by the plant doctor on February 20, 1990, and because he refused to accept his assigned position in the plant assembly department.
CEC and Fiddler refer to the trial judge's findings of fact from Provo's workers' compensation trial:
 "This cause came to be heard on the 1st day of July, 1991, upon the Complaint for workmen's compensation benefits and the Answer of the Defendant. The Court having heard the evidence introduced in open court and having reviewed the exhibits entered by the parties, and the entire record, makes the following findings of fact and conclusions of law.
". . . .
 "The Court further finds that [Provo] was released to return to light-duty work in February, 1990, that [CEC] was ready and willing to place [Provo] back to work on a light-duty basis and that [Provo] did not return to work."
(Vol. I, pp. 164-67.)
Provo disputes these findings of fact by the trial judge. He argues that the issue whether he returned to work was not litigated in his workers' compensation trial, and he further contends that he did not refuse to be physically examined by CEC's doctor. Provo claims that he informed the personnel department that he wanted a second opinion from his own family doctor, Dr. Jones.
Provo asserts that CEC's personnel staff instructed him to return to CEC on February 21, 1990, to see Fiddler and get an appointment slip to see Dr. Wybenga. Provo says that he met with Fiddler on February 21 and that when they met Fiddler told him "you see the door, you can hit it," and that Fiddler gave no reason for his termination.
Provo afterward filed this action in the Circuit Court of Montgomery County, alleging wrongful termination. CEC and Fiddler moved for a summary judgment, submitting in support of their motion a memorandum brief and various evidentiary materials, including excerpts from Provo's deposition testimony. CEC and Fiddler stated as grounds for their summary judgment motion (1) that § 25-5-11.1, Ala. Code 1975, was unconstitutional; (2) that Provo's claims were barred *Page 883 
by the doctrines of res judicata and collateral estoppel; and (3) that Provo had not established a prima facie case of retaliatory discharge. The trial judge did not rule on CEC and Fiddler's motion, but, instead, transferred the case on Provo's motion to the judge who had presided in Provo's workers' compensation action.
The court granted CEC and Fiddler's motion for summary judgment. Provo appealed from the summary judgment and from the court's denial of his motion to alter, amend, or vacate the summary judgment.
The standard of review applicable to a summary judgment is well established. Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is proper when the movant makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, unless the nonmovant rebuts that showing by substantial evidence creating a genuine issue of material fact.See § 12-21-12, Ala. Code 1975; Cain v. Sheraton Perimeter ParkS. Hotel, 592 So.2d 218, 219-20 (Ala. 1991).
" 'Ala. Code 1975, § 25-5-11.1, states:
 " ' "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter."
 " 'In regard to actions brought under § 25-5-11.1, this Court has held:
 " ' "[A]n employee may establish a prima facie case of retaliatory discharge by proving that he was 'terminated' because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the employee must prove that the reason [given by the employer] was not true but a pretext for an otherwise impermissible termination."
 "Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369 (Ala. 1988); see also Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1122
(Ala. 1992).
 " 'In the context of a summary judgment motion by the defendant in a retaliatory discharge action, this Court has said:
 " ' "[I]f the defendant has supported a summary judgment motion with evidence of a legitimate reason for terminating the plaintiff, the plaintiff must then refute that showing with his own prima facie case; of course, the plaintiff has no burden to produce evidence before trial until the defendant has made and properly supported a motion for summary judgment. If the defendant's showing of a legitimate reason is conclusive enough to establish that 'there is no genuine question as to [that] material fact and that the moving party is entitled to a judgment as a matter of law,' Rule 56(c), Ala.R.Civ.P., the plaintiff would also have to produce evidence to refute that showing."
"Culbreth, 599 So.2d at 1122.'
 "Graham v. Shoals Distributing, Inc., 630 So.2d 417, 418 (Ala. 1993). In Graham, we also stated:
 " 'In the present cases, each plaintiff presented a prima facie case of retaliatory discharge. In Culbreth, this Court held that a prima facie case of retaliatory discharge was established by an employee's proof that he had filed a workers' compensation claim for a work-related injury, that the injury prevented him from working for a period of time, and that when he returned to work he was informed that he no longer had a job. Culbreth, 599 So.2d at 1122. In these two cases, the employees established that they both filed workers' compensation claims, that their injuries prevented them from working for a period of time, and that upon their return to work they were informed that they no longer had a job.'
"630 So.2d at 418.
 " 'To withstand a motion for summary judgment, a plaintiff claiming retaliatory discharge under § 25-5-11.1 must present substantial evidence that he or she was terminated for seeking worker's *Page 884 
compensation benefits, and that the reasons proffered by the employer for the termination are not true, but are a pretext for an otherwise impermissible termination. Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369
(Ala. 1988).'
 "Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 317 (Ala. 1992)."
Overton v. Amerex Corp., 642 So.2d 450 (Ala. 1994).
Provo introduced evidence that, if believed, would make aprima facie case of retaliatory discharge. On the other hand, CEC and Fiddler presented evidence tending to show that Provo's discharge was the result of a refusal to submit to an examination by the company doctor and a refusal to begin work. This shifted the burden to Provo, who contends that as soon as Dr. Freeman released him, he was "willing to work, ready and able." Provo claims that he never refused to return to work and that CEC and Fiddler terminated him solely because he filed a workers' compensation claim. Provo further testified that CEC had fired other employees in retaliation for filing workers' compensation claims. Provo cites Continental Eagle Corp. v.Mokrzycki, 611 So.2d 313 (Ala. 1992), quoted in Overton, supra;Mokrzycki involved an employee that CEC terminated after he had filed a workers' compensation claim based on a back injury. Mokrzycki sued CEC for retaliatory discharge, and a jury returned a verdict in his favor. This Court affirmed, upholding the jury's verdict.
Provo asserts that the Mokrzycki case shows that CEC has a pattern and practice of firing employees who file workers' compensation claims. The trial judge allowed five "pattern and practice" witnesses to testify during the Mokrzycki trial. Those five witnesses testified that they had received workers' compensation and were subsequently terminated by CEC. The trial judge, however, did not allow the witnesses to state opinions regarding the cause of their terminations.
We conclude that Provo proffered substantial evidence creating a genuine issue of material fact as to whether the reasons offered by CEC and Fiddler for his termination were a pretext for an impermissible termination. Consequently, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur. *Page 885 
[EDITORS' NOTE: The opinion of the Court of Civil Appeals of Alabama in Barnes v. Walker County Bd. of Education, published in the advance sheet at this citation, 650 So.2d 884-888, was withdrawn from the bound volume because an application for certiorari is pending.] *Page 888