673 So.2d 402 (1995)
Stephen O. ALEXANDER
v.
JITNEY JUNGLE STORES OF AMERICA, INC.
1931230.
Supreme Court of Alabama.
October 20, 1995.
Richard A. Meelheim of Vowell, Meelheim & Alexander, P.C., Birmingham, for Appellant.
Anita T. Lechner, E. Fredrick Preis, Jr. of McGlinchey Stafford Lang, New Orleans, Louisiana, Charles W. Cochran III, Florence, for Appellee.
RICHARD L. JONES, Retired Justice.
Stephen O. Alexander appeals from a summary judgment in favor of his former employer, Jitney Jungle Stores of America, in Alexander's action claiming retaliatory termination in violation of Ala.Code 1975, § 25-5-11.1. We reverse and remand.
The chronology of significant events preceding the filing of Alexander's claim alleging retaliatory termination follows:
1. July 1987 Alexander is employed by Jitney Jungle.
2. October 4, 1989 Alexander is injured on the job.
3. October 4, 1989 Alexander receives workers' compensation benefits and remains off
 through work on doctor's orders.
 March 30, 1991
4. August 2, 1990 Alexander is informed by Jitney Jungle that he was terminated on
 July 13, 1990.
5. October 9, 1990 Alexander is informed by Jitney Jungle that he was not terminated
 but was removed from the payroll on July 13, 1990, and that his
 job is available on his return.
6. November 30, 1990 Alexander informs Jitney Jungle that his doctor has released him
 and because he has reached maximum medical improvement, and that
 December 4, 1990 he will return to work on December 5, 1990.
7. December 5, 1990 Alexander is told that he has been terminated pursuant to Jitney
 and Jungle's leave-of-absence policy.
 December 6, 1990
*403 Section 25-5-11.1 provides:
"No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11."
Jitney Jungle contends that the issue here presented is controlled by Hayden v. Bruno's, Inc., 588 So.2d 874 (Ala.1991), and thus that the judgment is due to be affirmed. We disagree.
The proof required to sustain or defend against an action brought pursuant to § 25-5-11.1 was set out in Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364 (Ala.1988):
"We hold that an employee may establish a prima facie case of retaliatory discharge by proving that he was `terminated' because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the plaintiff must prove that the reason was not true but a pretext for an otherwise impermissible termination."
536 So.2d at 1369.
In Hayden, the injured employee filed a workers' compensation claim and was later terminated. The employee sued, alleging retaliatory discharge. The employer introduced evidence that the employee had been terminated pursuant to an employment contract that required automatic termination of any employee whose leave of absence exceeded one year. The employer also introduced documents indicating that the employee had received poor performance evaluations. The trial court held, and this Court agreed, that the employee had produced no rebuttal evidence to "prove that the reason [given by the employer] was not true but a pretext." The judgment for the employer was affirmed.
The common thread running through both Hayden and this case is the application of an employer's absentee policy as the basis for the employee's termination. Notwithstanding this common element, however, the two cases are materially dissimilar in one important aspect: In Hayden, the employer offered evidence of legitimate reasons for terminating the employee, and the employee offered no rebuttal evidence. Jitney Jungle acknowledges that its sole reason for terminating Alexander was the application of Jitney Jungle's employee-absentee policy applicable to voluntary leaves of absence. Further, Alexander offered evidence that Jitney Jungle discontinued Alexander's temporary total workers' compensation benefits (which had amounted to $16,101.15) and made "on again off again" decisions to terminate Alexander (see items 4, 5, and 7 in the chronology set out above), in the context of Alexander's pursuit of permanent partial workers' compensation benefits. This rebuttal evidence furnishes a reasonable inference from which the jury, as factfinder, could conclude that Alexander's termination was the direct consequence of his pending workers' compensation claim (which was ultimately settled for a total of $27,451.99).
Jitney Jungle proffered evidence to the effect that it did not discriminate against Alexander in the application of the company's absentee policy. That evidence is admissible at trial on the "legitimate reason" issue, but it is not sufficient to entitle Jitney Jungle to a judgment as a matter of law.
This case is distinguishable from Graham v. Shoals Distributing, Inc., 630 So.2d 417 (Ala.1993), where the terminated employees "offered no evidence to refute [the employer's] evidence and [did not point] to substantial refuting evidence in [the employer's] submissions." 630 So.2d at 420.
This Court stated in Culbreth v. Woodham Plumbing Co., 599 So.2d 1120 (Ala.1992):
"We note that it would be more appropriate to say that, after the [employer] has *404 met his burden of coming forward with evidence of a legitimate reason, `"[t]he [employee] then has the burden of going forward with rebuttal evidence showing that the [employer's stated] reasons'" for terminating the [employee] are not true. Twilley [v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369 (Ala.1988) ], quoting Pushkin v. Regents of the University of Colorado, 658 F.2d 1372, 1387 (10th Cir. 1981). The [employee] does not have to `prove' that the employer's stated reason is not true unless the [employer's] evidence is sufficiently certain, without more evidence from the [employee], to support a directed verdict. If the [employee's] prima facie case is strong, and the [employer's] evidence of an asserted reason is weak or equivocal, the jury might simply disbelieve the [employer].
"Similarly, in the context of summary judgment, if the [employer] has supported a summary judgment motion with evidence of a legitimate reason for terminating the [employee], the [employee] must then refute that showing with his own prima facie case; of course, the [employee] has no burden to produce evidence before trial until the [employer] has made and properly supported a motion for summary judgment. If the [employer's] showing of a legitimate reason is conclusive enough to establish that `there is no genuine question as to [that] material fact and that the moving party is entitled to a judgment as a matter of law,' Rule 56(c), Ala.R.Civ.P., the [employee] would also have to produce evidence to refute that showing.
". . . .
"Alabama's worker's compensation laws should be liberally construed in favor of the employee in order to advance and effectuate their beneficent purposes. Hilyard Drilling Co. v. Janes, 462 So.2d 942 (Ala.Civ.App.1985). If we were to say that, as a matter of law, the reason given by [the employer] is a conclusively legitimate reason, the beneficent purposes of § 25-5-11.1 would be significantly undermined."
599 So.2d at 1122-23.
The holding in this case is totally consistent with the holding in the recent case of Overton v. Amerex Corp., 642 So.2d 450 (Ala. 1994), in which this Court reversed a summary judgment in favor of the employer because the employee "offered substantial evidence creating a genuine issue of material fact as to whether the reasons offered by [the employer] for her termination were a pretext for an impermissible termination." 642 So.2d at 453. See, also, Gresham v. Schlumberger Industries, Inc., 656 So.2d 347 (Ala.1995).
Because we conclude that Alexander offered substantial evidence creating a genuine issue of material fact as to whether the reason offered by Jitney Jungle for his termination was a pretext for an otherwise impermissible termination, the judgment is reversed and the cause is remanded.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975, and it is hereby adopted as that of the Court.
REVERSED AND REMANDED.
HORNSBY, C.J., and HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
I must respectfully dissent, because I believe that this case is factually similar to Smith v. Dunlop Tire Corp., 663 So.2d 914 (Ala.1995), in which the trial court granted the employer's motion for a summary judgment against the employee's claim that he had been terminated because he had filed a workers' compensation claim. In that case, the employee, Smith, was injured in an on-the-job accident while employed as a mold servicer at a tire manufacturing plant operated by Dunlop in Huntsville, Alabama. After the company nurse advised Smith to see a doctor concerning the injury to his arm, Smith's supervisor drove him to a doctor who examines Dunlop's employees who have been injured on the job. The doctor diagnosed Smith's injury as a sprained left wrist and instructed him not to return to work for two *405 days. Smith reported the doctor's diagnosis and order to the company nurse, who in turn told him to report back to work according to the doctor's instructions. When Smith returned to work three days later, he was informed by David Gooch, personnel manager for Dunlop, that he had violated the attendance policy set out in Dunlop's collective bargaining agreement with his union and that his employment was, therefore, terminated.
In Smith, this Court opined:
"In Graham v. Shoals Distributing, Inc., 630 So.2d 417, 418 (Ala.1993), this Court discussed the burden on a plaintiff when an employer proffers a legitimate reason for a termination and the matter is pending on a motion for summary judgment:
"`In the context of a summary judgment motion by the [employer] in a retaliatory discharge action, this Court has said:
"`"If the [employer] has supported a summary judgment motion with evidence of a legitimate reason for terminating the [employee], the [employee] must then refute that showing with his own prima facie case; of course, the [employee] has no burden to produce evidence before trial until the [employer] has made and properly supported a motion for summary judgment. If the [employer's] showing of a legitimate reason is conclusive enough to establish that `there is no genuine [issue] as to [that] material fact and that the moving party is entitled to a judgment as a matter of law,' Rule 56(c), Ala.R.Civ.P., the [employee] would also have to produce evidence to refute that showing."'
"630 So.2d at 418 (quoting Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1122 (Ala.1992)). See, also, Provo v. Continental Eagle Corp., 650 So.2d 881 (Ala.1994); Terry v. Lee Apparel Co., 656 So.2d 811 (Ala.Civ.App.1994); see, also, Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 317 (Ala. 1992); Overton v. Amerex Corp., 642 So.2d 450 (Ala.1994)."
663 So.2d at 917.
In Smith, the employee had relied heavily upon Overton v. Amerex Corp., 642 So.2d 450 (Ala.1994), claiming that the facts of that case were similar to those of his case and that this Court had held in that case that the employee had offered substantial evidence creating a genuine issue of material fact. Smith's main argument was that he presented substantial evidence that he had received permission from the plant nurse, a Dunlop employee, to be absent, and that he, therefore, fit within the company policy on absences. In Smith, this Court said:
"Dunlop's argument in support of the trial court's judgment is simple and to the point. It says that it supported its motion for summary judgment by introducing evidence that Smith was terminated for a legitimate reasonexcessive absences under the collectively bargained attendance program. Dunlop says that the evidence is undisputed that Smith was aware of, and had been subject to, the collective bargaining agreement, which did not permit absences for injuries, whether work-related or not."
663 So.2d at 918.
This Court further opined:
"In entering the summary judgment, the trial court relied upon Hayden v. Bruno's, Inc., 588 So.2d 874 (Ala.1991), in which this Court held that Hayden had presented no evidence indicating that Bruno's terminated his employment because he had filed a workers' compensation claim, unless the Court simply assumed that, because Hayden's employment was terminated after he had filed that claim, the termination was retaliatory. See, Beaulieu of America, Inc. v. Dunn, 658 So.2d 454 (Ala.Civ.App. 1994).* Dunlop argues that `there can be no liability where the evidence shows that the employee was terminated because he violated the employer's attendance policy, and not because he filed a worker's compensation claim,' which Dunlop says `is by far the majority position on this issue,' citing Chiaia v. Pepperidge Farm, Inc., 24 *406 Conn.App. 362, 588 A.2d 652 (1991), cert. denied, 219 Conn. 907, 593 A.2d 133 (1991) (holding that an employer's neutral application of an absence control policy is permissible, and noting that few courts in the nation `have expanded the definition of discriminatory discharge to include a discharge occasioned by the neutral application of an absence control policy to an employee who was injured and collected worker's compensation benefits'); Duncan v. New York State Developmental Center, 63 N.Y.2d 128, 134, 470 N.E.2d 820, 823, 481 N.Y.S.2d 22, 25 (1984) (an employer could properly enforce its policy of terminating employees who had been absent for more than one year, even where the employee had been absent because of a workrelated injury, the court reasoning that `an employment practice that is applied evenhandedly to all employees represents a neutral policy that does not constitute discrimination, particularly if it is based on legitimate business concerns'); Metheney v. Sajar Plastics, Inc., 69 Ohio App.3d 428, 590 N.E.2d 1311 (1990) (holding that the termination of an employee who had missed work as a result of a work-related injury was permissible where the termination was pursuant to a neutral absence control program); Pierce v. Franklin Electric Co., 737 P.2d 921 (Okla.1987) (holding that an employee may be terminated for absenteeism even if the absences are caused by a compensable injury); Clifford v. Cactus Drilling Corp., 419 Mich. 356, 353 N.W.2d 469 (1984) (in which the court held that an employee's protection from a retaliatory discharge does not necessarily include protection from a termination based upon an absence from work due to a work-related injury); Anderson v. Standard Register Co., 857 S.W.2d 555 (Tenn. 1993) (holding that an employer may discharge an employee pursuant to a facially neutral absence control policy for absences caused by a work-related injury); Palmer v. Miller Brewing Company, 852 S.W.2d 57 (Tex.Ct.App.1993) (holding that an employer may terminate an employee pursuant to an absence control policy that does not excuse absences related to on-the-job injuries); Yoho v. Triangle PWC, Inc., 175 W.Va. 556, 562, 336 S.E.2d 204, 210 (1985) (in which the court noted that the employee's termination `was mandated by a facially neutral provision of [a] Collective Bargaining Agreement' and that the employee would have been terminated just as quickly under the agreement if she had never applied for workers' compensation benefits).
663 So.2d at 918-19. I believe that the summary judgment was appropriate under both Hayden v. Bruno's, Inc., 588 So.2d 874 (Ala. 1991), and Smith. Consequently, I respectfully dissent.
"*In Beaulieu, the Court of Civil Appeals said:
"We refuse to ... assume [that Dunn was terminated because he filed a workers' compensation claim]. Even if he proved a prima facie case, there is no evidence that the reasons Beaulieu gave for his employment termination were a pretext for an otherwise impermissible termination. Therefore, the trial court's denial of the motion for JNOV is due to be, and it is hereby, reversed, and a judgment is rendered for Beaulieu.
"658 So.2d at 460 (citation omitted)."