RICHARD L. HOLMES, Retired Appellate Judge.
This is a retaliatory discharge case.
In March 1995 Donald Elliott (employee) filed a complaint against Opelika Industries, Inc., d/b/a Leshner Industries (employer), seeking workers’ compensation benefits for on-the-job injuries suffered in November 1993 and January 1995.
In October 1995 the employee amended his complaint to allege that the employer had constructively discharged him in violation of Ala.Code 1975, § 25-5-11.1. In January 1996 the employee filed a second amended complaint, alleging that the employer had actually terminated his employment in retaliation for his having filed a workers’ compensation claim.
The employee settled his workers’ compensation claim, and the trial court approved the settlement in January 1996. This settlement stated that it applied only to the workers’ compensation claim and did not apply to the employee’s wrongful termination claim. Thus, the retaliatory discharge claim remained pending. See Gates Rubber Co. v. Cantrell, 678 So.2d 754 (Ala.1996).
In February 1996 the employer filed a summary judgment motion on the retaliatory discharge claim. The employer also filed a brief, as well as affidavits and deposition testimony in support of its motion. The employee filed a response to the employer’s summary judgment motion.
After a hearing the trial court issued an order, granting the summary judgment motion in favor of the employer.
The employee appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court committed reversible error when it granted the summary judgment motion in favor of the employer.
At the outset we note that the general rule under Alabama law is that an employee may be discharged from his employment, with or without cause or justification, for a good reason, a wrong reason, or no reason at all. Culbreth v. Woodham Plumbing Co., 599 So.2d 1120 (Ala.1992). Ala.Code 1975, § 25-5-11.1, provides an exception to this general rule and states the following, in pertinent part: “No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers’ compensation benefits.... ”
Rule 56(c)(3), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Further, our supreme court has stated the following in Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369 (Ala.1988):
“We hold that an employee may establish a prima facie case of retaliatory discharge by proving that he was ‘terminated’ because he sought to recover worker’s compensation benefits, which would be an impermissible reason. The burden would *377 then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the plaintiff must prove that the reason was not true but a pretext for an otherwise impermissible termination.”
On appeal the employee contends that he presented substantial evidence that the reasons proffered by the employer for the termination of his employment were not true, but were merely a pretext for an otherwise impermissible termination.
Our review of the record reveals the following: The employee suffered a knee injury as a result of his on-the-job accidents. During his deposition on September 26,1995, the employee admitted that he had been working for Nobles Trucking the entire time he was on leave of absence from the employer. The employee also admitted that while on leave of absence, he was receiving workers’ compensation benefits for his injuries.
The employer’s policy regarding an employee working while on a leave of absence was as follows:
“No employee while on leave of absence shall work or be gainfully employed either for himself or others unless express and written permission to perform such outside work shall have been granted by the Company. Any employee who is on leave of absence and is found to be working elsewhere without such written permission shall be automatically terminated from the employment of the Company.”
On October 2,1995, the employer suspended the employee’s compensation benefits. On the same date the employee went to the plant and advised the employer that he needed either to return to work or to have his workers’ compensation benefits restored. Thereafter, the employee received a letter, dated October 3, 1995, which stated the following, in pertinent part: “I am sending this letter to notify you of your termination with [the employer] for unauthorized work while on leave of absence.”
The employer contends that the employee’s unauthorized work while on a leave of absence was a legitimate reason for terminating the employment.
The employee contends that the employer had been aware of his second job since May 1995, a five-month period prior to the termination of his employment in October 1995. The employee further contends that the reason used to justify the employee’s termination of employment was merely a pretext to the employer’s real reason for the termination — that the employee had requested that his workers’ compensation benefits be reinstated. In particular, the employee focuses on the “automatically terminated” language in the employer’s leave of absence policy and contends that a termination of employment after a five-month period is not “automatic.”
However, we would note that Kirby Hada-way, the employer’s personnel manager, testified that although the employer had reports which indicated that the employee was working a second job while on a leave of absence from the employer, the employer wished to give the employee the benefit of the doubt and waited to hear what the employee had to say at his deposition. We would also note that the employee’s employment was terminated within a week of the time that he was deposed. Hence, the employee failed to meet his burden of proving that the employer’s “reason was not true but a pretext for an otherwise impermissible termination.” Twil-ley, 536 So.2d at 1369.
Therefore, we conclude that the trial court properly granted the employer’s summary judgment motion. The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.