In August 1997, Donald R. Six (the "worker") sued Sunshine Homes, Inc. (the "company"), alleging that in terminating his employment the company had violated Ala. Code 1975, §25-5-11.1. He claimed he *Page 675 
was dismissed because he had filed a workers' compensation claim. The company filed a motion for summary judgment, which the trial court denied. The case then proceeded to a jury trial. At the close of the worker's case, the company filed a Rule 50, Ala.R.Civ.P., motion for a judgment as a matter of law (JML). The trial court granted the motion. The worker appealed to the supreme court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6).
Our supreme court has stated the standard of review applicable to a JML, as follows:
 "When reviewing a ruling on a motion for a JML, this Court uses the same standard the trial court used initially in granting or denying the motion. Palm Harbor Homes, Inc. v. Crawford, 689 So.2d 3 (Ala. 1997). Regarding questions of fact, the ultimate issue is whether the nonmovant has presented sufficient evidence to allow the case or issue to be submitted to the jury for a factual resolution. Carter v. Henderson, 598 So.2d 1350 (Ala. 1992). In an action filed after June 11, 1987, the nonmovant must present substantial evidence to withstand a motion for a JML. See § 12-21-12, Ala. Code 1975; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). A reviewing court must determine whether the party who bears the burden of proof has produced substantial evidence creating a factual dispute requiring resolution by the jury. Carter, 598 So.2d at 1353. In reviewing a ruling on a motion for a JML, this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Id. If the question is one of law, this Court indulges no presumption of correctness as to the trial court's ruling. Ricwil, Inc. v. S.L. Pappas Co., 599 So.2d 1126 (Ala. 1992)."
Ex parte Alfa Mut. Fire Ins. Co., 742 So.2d 1237, 1240 (Ala. 1999).
Under Alabama law, an employment contract is ordinarily terminable at will by either party, with cause or without cause, and for even no reason or for a bad reason. Hoffman-La Roche,Inc. v. Campbell, 512 So.2d 725 (Ala. 1987). Ala. Code 1975, §25-5-11.1, provides an exception to the employee-at-will rule in the case of a dismissal based only on the fact that the employee has filed a workers' compensation claim. Culbreth v. WoodhamPlumbing Co., 599 So.2d 1120 (Ala. 1992). Our Supreme Court has interpreted § 25-5-11.1 in this manner:
 "We hold that a [worker] may establish a prima facie case of retaliatory discharge by proving that he was `terminated' because he sought to recover [workers'] compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant [company] to come forward with evidence that the [worker] was terminated for a legitimate reason, whereupon the [worker] must prove that the reason [given by the company] was not true but a pretext for an otherwise impermissible termination."
Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369
(Ala. 1988).
The company manufactures mobile homes. The worker's job duties involved installing cabinets in the mobile homes. The worker had been employed in another capacity by the company in 1994 and was fired for poor job performance. In October 1995, the company rehired him. The worker was injured on May 19, 1997. He notified his supervisor, Sam Franklin, of his injury, and sought medical treatment from the company doctor, Dr. Jim Nabors. The worker testified that Franklin told him not to tell Gary Raper, the production manager, because, he said, Franklin said Raper would fire him for having an on-the-job injury. The worker did not work on May 20 and 21. He returned to work on May 22 on restriction. After Raper reviewed the doctor's restrictions, he instructed the worker to talk to Phillip Boyd, *Page 676 
the production manager over all three of the company's plants. Boyd was Raper's supervisor. The worker testified that Boyd told him how Boyd had worked with a broken foot. The worker also testified that Boyd told him that the worker had nothing wrong with him and that he should have no problems installing cabinets.
The worker testified that he was in pain while he worked and that he was provided some assistance from a co-worker. The worker testified that after this co-worker was not able to assist him anymore, he left his work station to speak with his supervisor, Franklin. On the way to find Franklin, the worker testified, another co-worker, James Wilemon, asked him to help him find some screws. The worker testified that because he had recently retrieved some screws from the supply area, he decided to show Wilemon where the screws were located. He said that while he was assisting Wilemon, Raper approached the worker and told him that he was "goofing off," that he was fired, and to "get the G__ d___ out of here."
The company contends that it fired the worker for leaving his work station without authorization. As shown above, the worker presented evidence indicating that Boyd had told him to work without consideration for his injury. The worker also presented evidence indicating that he was trying to work within his restrictions and needed to find his supervisor in order to get assistance with his job, and that while he was looking for his supervisor, the production manager, Raper, fired him in an abrupt manner and in doing so used profanities against him. The worker presented evidence that the manner in which he was fired was not the normal method by which a worker is fired. The worker also testified that when the worker was fired Wilemon was away from his work station and that Raper said nothing to Wilemon about his being away.
We conclude that the worker presented substantial evidence creating a genuine issue of fact as to whether the company fired him for filing a workers' compensation claim or fired him for a permissible reason. Therefore, the trial court erred by entering a JML for the company. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.