JOHNSTONE, Justice.

Introduction

The plaintiff J. Wayne Smith petitioned us for a writ of certiorari to review the decision of the Court of Civil Appeals affirming without opinion the Rule 54(b), Ala. R. Civ. P., partial summary judgment against him on his claim against the defendant Southern Energy Homes, Inc. (hereinafter “SEH”) for terminating his employment, in violation of § 25-5-11.1, Ala.Code 1975, for his claiming worker’s compensation. Smith v. Southern Energy Homes, Inc. (No. 2021085, April 16, 2004), — So.2d - (Ala.Civ.App.2004) (table). We granted the writ, and now we quash it.

Substantive Facts

From 1996 until June 1, 2001, SEH employed Smith in a succession of sales and managerial-jobs. The employment record SEH kept on Smith was unblemished except for the June 1, 2001 entry reading “Discharge Unsatisfactory.”
On May 24, 2001 Smith suffered an on-the-job slip and fall accident and injury and notified SEH on the same day. SEH terminated Smith’s employment eight days later, on June 1, 2001. “[H]is wife had been calling in” to SEH.

Procedural Facts

Smith sued SEH for worker’s compensation and wrongful termination. This opinion addresses only the wrongful termination claim, as the worker’s compensation claim is not now before us.
SEH filed its answer, followed by its motion for partial summary judgment. The pertinent defense was that SEH had already made its decision to terminate Smith’s employment before he suffered his injury and therefore SEH could not have terminated Smith’s employment solely because of his claim. Smith’s argument to the trial court in opposition to the motion for partial summary judgment was, in pertinent part:
“The Defendant herein has sought to support it’s discharge of Plaintiff for two reasons (1) complaints from employees and (2) complaints from customers. The complaints were not communicated to Smith nor documented in his personnel file. After his injury SEH began to *693 collect statements (none of which have been submitted or furnished to Plaintiff). One of these asserted reasons was a letter of a complaint by a ‘Hudson’. The Defendant’s reasons, which were generated after his injury and termination, are pretextual.”
The order of the trial court granting partial summary judgment for SEH and against Smith reads, in pertinent part:
“This case is before the Court on the defendant’s motion for partial summary judgment on the plaintiffs retaliatory discharge claim. Defendant argues that notwithstanding that plaintiffs termination came only days after his on-the-job injury, judgment in its favor is mandated because of uncontroverted evidence that defendant was already in the process of terminating plaintiffs employment at the time of his injury.
“In considering defendant’s motion, the Court looks to the recent decision of Alabama Power Co. v. Aldridge, [854 So.2d 554] (Ala.2002). Under Aldridge, ‘[a] plaintiff must prove a causal connection between the workers’ compensation claim and the subsequent discharge in order to establish a prima facie case.’ Id. at [563] (citations omitted).
“The Aldridge court went on to make clear that plaintiffs burden can be a heavy one. If there is undisputed evidence suggesting another reason for an employee’s discharge, that employee cannot, as a matter of law, meet the burden:
“ ‘A plaintiff, therefore, has the burden of presenting sufficient evidence indicating that the plaintiff was discharged because he or she filed a claim for workers’ compensation benefits, but if there is uncontradicted evidence of an independently sufficient basis for the discharge then the defendant is entitled to a judgment as a matter of law.’
[[Image here]]
“Plaintiff was injured on May 24, 2001. His employment was terminated on June 6[sie], 2001, only a week later. That short space of time is of interest. Temporal proximity between an injury and termination, by itself, is suggestive of retaliatory discharge, as the Aldridge court noted. In this case, however, the defendant has presented undisputed evidence that it was planning to terminate plaintiffs employment days before his injury.
“The Court finds most compelling the affidavit testimony of John Griffin, who was hired to replace plaintiff. According to Mr. Griffin, he interviewed with the defendant’s regional manager on May 21, 2001, for the plaintiffs position. During that meeting, Mr. Griffin was offered the job, and he accepted the offer.
“Plaintiff does not refute Griffin’s testimony, instead characterizing it as inadmissible hearsay. The Court disagrees, however.
“The Court concludes that there is undisputed evidence of a reason for firing the plaintiff other than his injury. That being so, plaintiff may not maintain his retaliatory discharge claim. Defendant’s motion for partial summary judgment is GRANTED.... ”
Smith’s postjudgment motion argued, in pertinent part:
“4. The court having determined that plaintiff had made a prima, facie case of retaliatory discharge after plaintiffs work-related injury, then failed to require the defendant employer to present substantial evidence of a cause other than plaintiffs injury as a basis for his discharge.
*694 “5. The defendant employer’s reason for discharging plaintiff i.e. that he insulted customers and abused employees was refuted by substantial evidence of the affidavits of plaintiff co employees and plaintiffs personnel file in addition to the testimony of Mike Clary.”
The order of the trial court denying Smith’s postjudgment motion reads, in pertinent part:
“From the evidence presented by both parties, it appears that the plaintiff was an at-will employee before his termination, meaning that he could generally be fired for good cause, bad cause, or no cause at all. The Court recognizes that the at-will doctrine does not enable an employer to, fire an employee in contravention of Ala.Code § 25-5-11.1 (or in contravention of certain federal statutes protecting the rights of employees against various kinds of discrimination). It does mean, however, that — assuming there was no improper discrimination involved — the plaintiff could have been terminated for a reason such as a personality conflict with his superior or a clash of management styles.
“For whatever reason, it appears that defendant’s management made a decision, days before the plaintiffs injury, to terminate his employment. The defendant might have been wrong in thinking that the plaintiff had deficiencies, but under the at-will doctrine, it is entitled to terminate for a wrongly-held belief. It still appears undisputed that the defendant had already decided to terminate the plaintiff and replace him with John Griffin three days before the plaintiffs injury. While the plaintiff has presented testimony from some employees attesting to the absence of any work-related problems, he has still failed to refute this crucial chronology on which the Court has relied in granting the defendant’s motion for partial summary judgement. [(Emphasis added.)]
“Accordingly, this Court still concludes that there is undisputed evidence showing that the defendant’s decision to terminate the plaintiff was for a reason other than his injury and the filing of a workers’ compensation claim. The plaintiffs motion for reconsideration is thus DENIED.
“Pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, this Court expressly determines that the dismissal of the plaintiffs retaliatory discharge claim may be made final because there is no just reason for delay. The Clerk of the Court is directed to enter a judgment in the defendant’s favor on Count II of the complaint.”
Smith appealed this Rule 54(b) partial summary judgment to us, and, pursuant to § 12-2-7(6), Ala.Code 1975, we deflected the appeal to the Court of Civil Appeals, which affirmed without opinion. We granted Smith’s petition for a writ of certiorari to the Court of Civil Appeals to determine whether their affirmance conflicts, Rule 39(a)(1)(D), Ala. R.App. P., with Culbreth v. Woodham Plumbing Co., 599 So.2d 1120, 1121-28 (Ala.1992), which states and holds in pertinent part:
“Ivy Culbreth appeals from a summary judgment entered in favor of Woodham Plumbing Company, Inc., on his claim that he was wrongfully terminated from his employment. Culbreth argues that his termination was a retaliatory discharge in response to his filing of a claim for worker’s compensation benefits after he was injured on the job.
“... Culbreth was injured on the job when a floor drill hit him in the knee. He filed a claim for, and received, worker’s compensation benefits.
*695 “... [W]hen he returned to Ms job, the president of Woodham Plumbing, John Woodham, told Culbreth that the company no longer had a job for him.
[[Image here]]
“Woodham Plumbing’s asserted legitimate reason for terminating Culbreth’s employment was that Culbreth’s position had been filled and that there was not enough work to continue his employment. ...
[[Image here]]
“... If we were to say that, as a matter of law, the reason given by Woodham Plumbing is a conclusively legitimate reason, the beneficent purposes of § [25]-5-ll.l would be significantly undermined. An employer could almost always say either ‘we hired someone to take your place,’ or ‘we no longer have enough business to continue your employment.’ Thus, we think a jury question is presented as to whether Wood-ham Plumbing’s asserted reason is a legitimate one or only a pretext.”

Controlling Lmu

An appellate court can consider an argument against the validity of a summary judgment only to the extent that the record on appeal contains material from the trial court record timely presenting that argument to the trial court for its consideration in the proceedings on the motion for summary judgment. Ex parte Ryals, 778 So.2d 1011, 1018 (Ala.2000).

Analysis

The evidence of complaints against Smith submitted by SEH in support of its motion for partial summary judgment consists of only the testimony of agents of SEH contained in their affidavits made and depositions taken about a year and a half after the termination of Smith’s employment. Their testimony to complaints against Smith is utterly uncorroborated by any documentation generated contemporaneously with any of the purported complaints and is partially refuted by substantial evidence submitted by Smith in opposition to the motion for partial summary judgment.
The partial summary judgment, however, does not depend at all on the truthfulness of the SEH agents’ testimony about complaints against Smith. Rather, the partial summary judgment is based on the finding by the trial court of “uncontrovert-ed evidence that defendant was already in the process of terminating plaintiffs employment at the time of his injury” and “undisputed evidence that [SEH] was planning to terminate plaintiffs employment days before his injury.” The trial court relied entirely on this chronology to conclude that Smith’s injury could not be the cause of the preexisting decision to discharge him.
The holding of Culbreth, supra, cited to us by Smith is responsive to the rationale of the trial court in Smith’s case, for, in the words of Culbreth, “[a]n employer could almost always say,” 599 So.2d at 1123, “we had already decided to fire you before you were injured.” Smith, however, did not present this argument to the trial court. Indeed, Smith did not cite Culbreth to the trial court and thereby imply this argument.
Smith did not argue to the trial court that the assertion by SEH of a preexisting decision to discharge Smith was a pretext. That is, Smith did not argue to the trial court that the chronology asserted by SEH was a pretext. Smith did not deny before the trial court that the decision of SEH to discharge Smith predated his injury. Rather, Smith argued to the trial court only that the reason asserted by SEH for its decision — the purported com *696 plaints — was a pretext. Smith’s only argument to the trial court was immaterial to its judgment, which was based on what the trial court found to be undisputed evidence that the decision by SEH to discharge Smith predated his injury, irrespective of the bona-fides of the reason for the decision.

Conclusion

Because Smith did not argue to the trial court the pertinent proposition that Cul-breth would tend to support, we cannot proceed to the issue of whether the affir-mance by the Court of Civil Appeals conflicts with Culbreth. Accordingly, we must quash our writ.
WRIT QUASHED.
NABERS, C.J., and HOUSTON, LYONS, and WOODALL, JJ., concur.