Flint's stated basis for its termination of Hall's employment was Hall's unexcused absences from work, especially at the Bastrop job site. At the time of the termination, however, Flint's decision-makers told Hall by telephone that his employment was being terminated because of lack of work. They later admitted that this was not true. I therefore conclude that Flint is not entitled to a judgment as a matter of law because, when the initial stated basis for a termination in a retaliatory-discharge case is shown to be untrue, numerous questions of fact are raised, which under our caselaw are for the jury to decide. See, e.g., Alabama Power Co. v. Aldridge,854 So.2d 554, 568 (Ala. 2002); Coastal Lumber Co. v. Johnson,669 So.2d 803, 810 (Ala. 1995); Culbreth v. Woodham Plumbing Co.,599 So.2d 1120, 1122 (Ala. 1992).
Accordingly, I concur in the result reached in the majority opinion.