Carl Anthony Bird appeals from a summary judgment in favor of Nail Air Freight, Inc., and Mike Nail[1], its president and sole stockholder (Nail), in an action based upon a claim of retaliatory discharge. Our Supreme Court transferred the appeal to this court pursuant to Ala. Code 1975, § 12-2-7.
In March 1994, Bird sued Airborne Express, Inc. (Airborne), Nail, and others, contending, among other things, that his employment had been terminated because he had sought workers' compensation benefits. Airborne filed a motion to dismiss, contending that it had not participated in the decision to terminate Bird's employment. The trial court treated the motion as one for a summary judgment and entered a judgment in favor of Airborne. Thereafter, Nail answered, denying that Bird had been injured in the course of his employment, and denying that he had been discharged for seeking workers' compensation benefits. Following a hearing on Nail's motions for a summary judgment, the trial court entered a summary judgment in its favor in August 1995. Bird appealed.
A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The moving party bears the burden of negating the existence of a genuine issue of material fact and showing that it is entitled to a judgment as a matter of law. Economy Fire Casualty Co. v. Goar,551 So.2d 957 (Ala. 1989).
 "In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present 'substantial evidence' creating a genuine issue of material fact — 'evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
Capital Alliance Insurance Co. v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994) (citations omitted.)
It is well settled that, in Alabama, an employment contract is terminable at will by either party, with or without cause or justification — for a good reason, a wrong reason, or no reason at all. Hoffman-La Roche, Inc. v. Campbell,512 So.2d 725 (Ala. 1987). Alabama recognizes certain narrow exceptions to this employment-at-will rule; one exception applies where the dismissal is based on an employee's having filed a workers' compensation claim.
 "No employee shall be terminated by an employer solely because the employee has *Page 1218 
instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11."
Ala. Code 1975, § 25-5-11.1. (Emphasis added.)
Moreover, our Supreme Court has stated:
 "[A] plaintiff claiming retaliatory discharge [in violation of] § 25-5-11.1 must present substantial evidence that he or she was terminated for seeking workers' compensation benefits, and that the reasons proffered by the employer for the termination are not true, but are a pretext for an otherwise impermissible termination. Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369
(Ala. 1988)."
Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 317 (Ala. 1992).
Bird testified by deposition that, in January 1994, while he was employed by Nail, he injured his right shoulder while delivering a package. Bird testified that he notified Mike Nail on the day of his injury, but that he continued to work. He testified that he advised Nail that he needed to see a doctor; that Nail refused to let him miss work because there was nobody else to cover Bird's route; and that Nail gave him $20 to buy a pain reliever. Bird further testified that Nail did not want him to file a workers' compensation claim, and that Nail had refused to allow him to file any paperwork regarding the injury. Bird stated that he sought medical attention two days later and was given a medical excuse to miss work for five days. Bird testified that Mike Nail became very upset and withheld money from his pay for the time that he had missed, although he was a salaried employee. Bird also testified that when he returned to work, his employment was terminated, and that he was told it was terminated because he had made a complaint to the "wage and hour board" regarding Nail's withholding from his pay. Bird further stated that he had worked for Nail for approximately 10 months, and that he had received no prior reprimands or complaints. Bird specifically denied making threats against Nail.
Mike Nail testified by deposition that he told Bird to go to the doctor, and that he even gave Bird $20 for his insurance copayment. Nail stated that he had received numerous complaints about Bird's work performance; that he withheld some funds from Bird's pay for the time that he had missed; that he later paid Bird for the missed time, after he located an excuse from Bird's doctor and after being advised by the labor board to pay him the withheld funds. Nail stated that he reported Bird's injury to his insurance company, and he denied telling Bird not to file a workers' compensation claim. Nail testified that Bird's employment was terminated because Bird had become angry and threatened to destroy the building and delivery trucks.
Bird contends that the summary judgment was improper because, he says, he presented substantial evidence that his employment was terminated because he had sought workers' compensation benefits. In opposition to Nail's summary judgment motion, Bird submitted his own affidavit and excerpts from his deposition. Once Bird presented prima facie evidence of a retaliatory discharge — which included evidence that he had suffered a work-related injury, that he had missed time from work because of the injury, and that upon his return to work, he was informed that he no longer had a job — the burden shifted to Nail to present evidence that Bird's employment was terminated for a legitimate reason. See Overton v. Amerex Corp.,642 So.2d 450 (Ala. 1994); Twilley v. Daubert Coated Products, Inc.,536 So.2d 1364 (Ala. 1988). In support of its motion for a summary judgment, Nail submitted excerpts from Mike Nail's deposition, and affidavits from four employees who stated that they had heard Bird threaten to destroy the building and the trucks. Nail argues that the decision to terminate the employment of Bird, whom Mike Nail described as a potentially-violent employee that posed a threat to the safety of other employees and the public, was, in fact, based on a legitimate reason.
Our Supreme Court has stated that "Alabama's worker's compensation laws should be liberally construed in favor of the *Page 1219 
employee in order to advance and effectuate their beneficent purposes." Culbreth v. Woodham Plumbing Co., 599 So.2d 1120,1123 (Ala. 1992) (citations omitted). In the instant case, the record contains mere disputed testimony; one "might simply disbelieve" either party's assertion regarding the events surrounding Bird's dismissal. Culbreth, 599 So.2d at 1122. Therefore, after thoroughly reviewing the evidence in a light most favorable to Bird, we conclude that a genuine issue of material fact exists regarding whether Bird in fact made the alleged threats — doing so would constitute a legitimate reason for his employment termination.
Next, Bird contends that the trial court erred by failing to grant his motion to strike the four affidavits submitted by Nail in support of its summary judgment motion. Bird argues that the testimony contained in the affidavits was hearsay because, he says, it was not based upon the affiants' personal knowledge, but rather on information relayed to them by others. The affidavits in question were those of four persons who attested to hearing Bird threaten to destroy the premises. Nail asserts that the affidavits were admissible because they were not offered to prove the truth of the matter asserted, but rather to prove that the statements were in fact made. " 'A statement made out of court is not hearsay if it is given in evidence for the purpose merely of proving that the statement was made, provided that purpose be otherwise relevant in the case at trial.' " Yamaha Motor Co., Ltd. v. Thornton,579 So.2d 619, 625 (Ala. 1991). (Citations omitted.) Moreover, it is well settled that the trial court has broad discretion in determining the admissibility of evidence, and its decision will not be reversed on appeal absent an abuse of that discretion. Yamaha, 579 So.2d 619. Bird has simply shown no error in regard to the court's considering these affidavits.
For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded for proceedings, consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, J., concur.
[1] In January 1996, after this appeal was filed, counsel for Mike Nail notified this court that Mike Nail had died in December 1995.