James M. Carroll appeals from a summary judgment entered in favor of his employer, A.J. Gerrard Company (Gerrard), on Carroll's claim that Gerrard terminated his employment in violation of § 25-5-11.1, Ala. Code 1975, in retaliation for his making a workers' compensation claim after he was injured on the job. This case was transferred to this court by the Supreme Court pursuant to § 12-2-7, Ala. Code 1975.
Carroll began his employment with Gerrard in September 1990. On or about January 12, 1993, Carroll injured his right index finger while working as a slitter operator on the night shift. He received medical treatment for that injury and returned to work on January 13, 1993. The next day, on January 14, Carroll suffered another on-the-job injury, this time to his right arm. He has received workers' compensation benefits for this injury. The company physician told Carroll to take off work for a week. Carroll alleges, however, that he was instructed by Gerrard to return to work and to work with one hand. He returned to work the night of January 17 and finished his shift on the morning of January 18. Carroll contends that he then told his supervisor that his arm was hurting and that he would not be able to return to work until the doctor released him.
Carroll alleges that, on January 20, someone from the company called him and informed him that the doctor had approved his return to work at a job that Carroll could perform with one hand and one arm. Carroll *Page 130 
then reported to work on the night of January 20. At the end of his shift, on the morning of January 21, Carroll was informed that his employment was terminated for low production and for violation of a work rule prohibiting a worker from urging other workers to slow down production.
Carroll contends that the trial court erred in entering the summary judgment against him on his claim alleging retaliatory discharge.
A summary judgment is appropriate only upon a showing that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. In reviewing a summary judgment, this court must view the evidence in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant.Culbreth v. Woodham Plumbing Co., 599 So.2d 1120 (Ala. 1992).
In an action alleging retaliatory discharge, under §25-5-11.1, Ala. Code 1975, a defendant may support a motion for summary judgment with evidence of a legitimate reason for terminating the plaintiff. Id. The plaintiff must then refute that evidence with evidence establishing a prima facie case of retaliatory discharge. Id. A worker can establish a prima facie case by showing that he filed a workers' compensation claim for an on-the-job injury; that his injury prevented him from working for a period of time; and that when he returned for work, he was informed that he no longer had a job. Id.; seealso Graham v. Shoals Distributing, Inc., 630 So.2d 417
(Ala. 1993). Because this is essentially what happened to Carroll, we conclude that he produced a prima facie case of retaliatory discharge.
However, if the defendant's showing of a legitimate reason for terminating the employee is strong enough to support a summary judgment in its favor, the plaintiff must then produce substantial evidence that he was terminated in retaliation for seeking workers' compensation benefits and that the reasons proffered by the employer for the termination are merely a pretext for an other impermissible termination.Culbreth, supra; see also Continental Eagle Corp. v. Mokrzycki,611 So.2d 313 (Ala. 1992). To qualify as substantial evidence, the evidence offered by the plaintiff in opposition to the motion for summary judgment must be "of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
In support of its motion for summary judgment, Gerrard made a strong showing of legitimate reasons for terminating Carroll's employment. Gerrard asserts that Carroll's employment was terminated because of low production and because he urged another worker to slow down production. The record reveals that in the past Carroll had received both oral and written reprimands for low production. Additionally, Carroll admitted to "jokingly" telling another employee to slow down production during one of the shifts he worked after his accident. The record contains testimony of another employee who witnessed the event. There is evidence that both of these practices are grounds for dismissal at Gerrard and that Carroll was aware of this policy.
Therefore, in order to defeat Gerrard's motion for summary judgment, Carroll must present substantial evidence that these reasons are merely a pretext. In opposition to Gerrard's motion, Carroll presented his own affidavit, in which he states that the company's administrative assistant reacted to his workers' compensation claim with great distress. He alleges that she wanted him to return to work with the injury; that she told him, "This is the last thing needed"; and that she said Gerrard was already paying an exorbitant amount in workers' compensation insurance premiums.
Additionally, Carroll presented the affidavit of Sandy Watson, a former Gerrard employee who had worked as an assistant to the highest executive officer at the company. She detailed several instances she had witnessed while working at Gerrard where she alleges that supervisors terminated the employment of workers because they made *Page 131 
workers' compensation claims. Her affidavit provides evidence of a pattern and practice by Gerrard of terminating employment based on workers' compensation claims. In regard to Carroll's claim, she said she recalled a supervisor's telling her, "We've got to do something about [Carroll], he is getting cut too much." This statement, taken in context with the other incidents witnessed by Watson, implies that the supervisor was concerned about the number of workers' compensation claims being made by Carroll and that he thought something needed to be done about it.
Viewing the evidence in the light most favorable to Carroll, we conclude that he presented sufficient evidence regarding the cause of Gerrard's termination of his employment to create a genuine issue of material fact as to whether the reasons given by Gerrard are a pretext for an impermissible retaliatory discharge. Accordingly, the judgment of the trial court is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.