I respectfully dissent. The defendants had no reasonable suspicion that would meet the criteria of Terry v. Ohio, 392 U.S. 1 (1968), to stop the car, no right to order Lawrence to do anything, no probable cause to believe that Lawrence had committed any crime, and no right to arrest him. Thus they acted willfully and beyond their authority and therefore without immunity. Ex parte Cranman, [Ms. 1971903, June 16, 2000] ___ So.2d ___ (Ala. 2000), and Ex parte Butts, 775 So.2d 173 (Ala. 2000).
The record contains substantial evidence that the defendants' claim of suspicion is a mere pretext to protect them from liability for abusing their power to avenge what they perceived as an insult or breach of decorum. This pretext, like a pretextual reason for an insurer's refusing to pay a claim in a bad-faith-failure-to-pay case, or an employer's pretextual reason for discharging an employee in a wrongful-discharge case, presents an issue of fact to decided at trial.Ex parte Usrey, 777 So.2d 66 (Ala. 2000);Motion Indus., Inc. v. Pate, 678 So.2d 724 (Ala. 1996); Culbreth v.Woodham Plumbing Co., 599 So.2d 1120 (Ala. 1992); National Sec. Fire Cas. Co. v. Bowen, 417 So.2d 179 (Ala. 1982); Bird v. Nail Air Freight,Inc., 690 So.2d 1216 (Ala.Civ.App. 1996), cert. denied, 690 So.2d 1219
(Ala. 1997); Carroll v. A.J. Gerrard Co., 684 So.2d 128 (Ala.Civ.App. 1995). The writ is not due.